# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:13-cv-55-RJC

| | |
|---|---|
| MICHAEL FORD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ROBERT LEWIS, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on consideration of Respondent's motion for summary judgment on the claims presented by Petitioner in his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. For the reasons that follow, Respondent's motion will granted and Petitioner's Section 2254 petition will be denied and dismissed.

## I. BACKGROUND

Petitioner is a prisoner of the State of North Carolina with a projected release date of August 4, 2018. On March 5, 2010, a jury convicted Petitioner in Mecklenburg County Superior Court on one count of felonious breaking or entering a motor vehicle and attaining the status of habitual felon. Petitioner later entered a plea to a second charge of felonious breaking or entering a motor vehicle and he was sentenced to 115 to 147 months imprisonment. Petitioner appealed.

The North Carolina Court of Appeals summarized the evidence as follows:

> On 10 January 2009, Wesley Hawthorn and his friend, Brent Rankin, went to a Carolina Panther's football game in Charlotte, North Carolina. Hawthorn drove his 2005 Ford Explorer and parked near the stadium. Hawthorn locked his vehicle and he and Rankin went to the game. During their return to the vehicle after the game, Hawthorn noticed the interior light of his vehicle was lit.

1

> As they neared the vehicle they observed a man, later identified as Defendant, leaning in through the passenger door and rifling through the center console of the vehicle. Hawthorn and Rankin approached Defendant from behind, subdued him, and held him until the police arrived. The window on the vehicle's passenger front door had been shattered and Defendant had in his pockets compact discs and a knife, which Hawthorn had kept in the center console of his vehicle.
>
> Defendant testified on his own behalf that he has a severe drinking problem and had been drunk on the night in question. Defendant stated he had started drinking that morning, drank the entire day with his friends, and also smoked marijuana and crack earlier in the day. Defendant testified that he had no recollection of any of the events of that day from the time he arrived at a tailgate party at the football game, until he woke up in the hospital that night. Witnesses for Defendant also testified that Defendant had been drinking since he was at least fifteen years old and that he was "very drunk" and "very high" at the tailgate party.
>
> Defendant now argues the trial court erred in denying his motion to dismiss the charge of felonious breaking and entering a motor vehicle. Defendant contends that due to his extreme intoxication, there was insufficient evidence that he broke into the vehicle with the intent to commit a larceny. We disagree.

The court of appeals affirmed Petitioner's convictions and sentence and he did not seek review from the Supreme Court of North Carolina. State v. Ford, 209 S.E.2d 708 (Table) (N.C. Ct. App. Mar. 1, 2011) (unpublished).

Petitioner filed a motion for appropriate relief (MAR) in the Mecklenburg County Superior Court which was dated August 10, 2012, and therein raised a challenge to the constitutionality of North Carolina's Habitual Felon Act. In particular, Petitioner argued that his sentence under the Act was in violation of the Eighth Amendment's prohibition on cruel and unusual punishment and a violation of the equal protection clause of the Fourteenth Amendment. Petitioner argued that "evolving standards of justice" demanded

that he be resentenced under a law entitled Justice Reinvestment Act (JRA) that went into effect after he was sentenced.[1] (Doc. No. 7-7: MAR at 2-3). In an Order filed on August 21, 2012, the superior denied the MAR after concluding that Petitioner had failed to "state any grounds for which the Court may grant relief." (Id., Doc. No. 7-8: Order Regarding Motion for Appropriate Relief). On October 24, 2012, the North Carolina Court of Appeals denied his petition for a writ of certiorari. (Id., Doc. No. 7-11).

In this habeas proceeding, Petitioner renews the arguments that he presented before the state court, namely that his sentence for attaining the status of a habitual felon is in violation of the Eighth and Fourteenth Amendments (Ground One), and that denying him the right to be resentenced under the JRA is in violation of the Eighth and Fourteenth Amendments (Ground Two). (Id., Doc. No. 1 at 16, 19).

## II.   STANDARD OF REVIEW

Summary judgment is appropriate where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

---

[1] See 2011 N.C. Sess. Laws 192, s. 3(d)); N.C. Gen. Stat. § 14-7.6 (2011) (The JRA made sentences more lenient for habitual offenders).

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted in 1996, provides in relevant part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from timely filing;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

### A. Ground One

Respondent contends that Petitioner's first claim for relief, in addition to being without merit, is time-barred because it was filed more than one year after his judgment became final. Petitioner's conviction and sentence were affirmed by the North Carolina Court of Appeals on March 1, 2011, and he did not file a petition for discretionary review with the Supreme Court of North Carolina. Accordingly, his judgment became final 35 days later on April 5, 2011. See N.C. R. App. P. 32(b) (providing that mandate of court of appeals issues 20 days after opinion is filed, unless otherwise ordered by the court); N.C. R. App. P. 14(a), 15(b) (allowing 15 days following issuance of the mandate to file petition for discretionary review). Gonzalez v. Thaler, 132 S. Ct.

641, 645 (2012) (holding that a Section 2254 petitioner's conviction is final when the time for seeking review from the highest court expires).

Based on the foregoing, it would appear that Petitioner must have filed his MAR on or before April 5, 2012, in order to toll the one-year statute of limitation. See 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). Petitioner's MAR, however, was not filed until August 10, 2012. See (Doc. No. 7-8: MAR Order). Accordingly, Petitioner's one-year limitation had already run by the time he petitioned the state court for relief, and his MAR could not have served to toll a one-year limitation period that had already expired nor could it serve to revive the limitation period. See Minter v. Beck, 230 F.3d 663 (4th Cir. 2000)

Petitioner filed his federal habeas petition at the earliest on January 2, 2013, which is the date that he avers that he placed the petition in the prison mailing system and it appears to be clearly out of time. (Doc. No. 1 at 15). See Houston v. Lack, 487 U.S. 266 (1988). Petitioner argues, however, that he should be entitled to equitable tolling based on a Supreme Court opinion that was filed some two months after he was sentenced: Graham v. Florida, 560 U.S. 48 (2010).[2] Petitioner contends that his sentence, which was enhanced based on his status as a habitual felon, violates the Eighth Amendment's prohibition on cruel and unusual punishment

---

[2] The district court may consider a Section 2254 petition on the merits, in very limited circumstances, if it is untimely under § 2244(d) and the petitioner can establish grounds for an equitable tolling of the one-year statute of limitation. See Holland v. Florida, 560 U.S. 631 (2010). A petitioner seeking the benefit of equitable tolling must demonstrate to the court that he has been diligently pursuing his claims and that an extraordinary circumstance prevented him from filing a timely habeas petition. Id. at 655 (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

because it is disproportional punishment when considering his criminal record.[3] Petitioner's reliance on Graham is misplaced.

In Graham, the Court held that imposing a life sentence, without the possibility of parole, on a juvenile offender who committed a nonhomicide offense violated the Eighth Amendment's prohibition on cruel and unusual punishment. In sum, the Court reasoned that a juvenile must have the opportunity to demonstrate his entitlement to release. "The Constitution prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide. A State need not guarantee the offender eventual release, but if it imposes a sentence of life it must provide him or her with some realistic opportunity to obtain release before the end of that term." Graham, 560 U.S. at 82.

The Graham opinion was filed on May 17, 2010, and modified on July 6, 2010. Petitioner's conviction became final on April 5, 2011, which is nearly one year after the Graham decision was announced. Based on the foregoing, the Court finds that Petitioner cannot demonstrate that he has been diligently pursuing his rights as he did not present his claim to the state court until August 10, 2012. The Court finds that Petitioner's first claim for relief is time-barred and it will be dismissed.[4]

B.      Ground Two

In his second claim, Petitioner contends that his rights under the Eighth and Fourteenth

---

[3] The two Class I felony convictins of breaking or entering a motor vehicle were used to establish his status as a habitual felon but were not considered when calculating his prior record level. See N.C. Gen. Stat. 14-7.6.

[4] As the Respondent observes, the Supreme Court has rejected many proportionality challenges under the Eighth Amendment which were made by petitioners based on state recidivist statutes. See Graham, 560 U.S. at 59 (citing Solem v. Helm, 463 U.S. 277 (1983) (life without parole based on seventh nonviolent felony of passing a worthless check); Harmelin v. Michigan, 501 U.S. 957 (1991) (upholding life without parole for possession of a large amount of cocaine); Ewing v. California, 538 U.S. 11 (2003) (upholding a sentence of 25 years to life for conviction of stealing a few golf clubs). This is just to name a few. Based on this line of precedent, even if Petitioner had presented a timely petition, it would have been without merit.

Amendments were violated when the state court rejected his argument that he should be entitled to be resentenced under the revised habitual felon statute. The JRA was enacted in 2011 and specifically meant to apply prospectively. See Editor's Note: 2011-192, s. 3(e) ("This section becomes effective December 1, 2011, and applies to any offense that occurs on or after that date and that is the principal felony offense for a charge of either the status offenses of habitual breaking and entering or habitual felon.").

Petitioner raised this issue before the state court in his MAR and the superior court summarily denied the claim and the court of appeals denied review. The state decision is an adjudication on the merits of Petitioner's claim. A claim is considered "adjudicated on the merits" when it is "substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree. . ." Young v. Catoe, 205 F.3d 750, 755 (4th Cir. 2000) (quoting Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999)).

Under the provisions 28 U.S.C. § 2254(d), district courts must apply a highly deferential standard when reviewing a state court determination and may not grant a writ of habeas corpus on any claim that was adjudicated on the merits in State court proceedings unless the state decision resulted in a decision that is contrary to federal law as interpreted by the Supreme Court or the state decision represents an unreasonable application of the facts presented in the proceeding. Id. § 2254(d)(1), (d)(2). See also Harrington v. Richter, 131 S. Ct. 770, 785 (2011); Richardson v. Branker, 668 F.3d 128, 138 (2012) ("The limited scope of federal review of a state petitioner's habeas claims, as established by AEDPA, is grounded in fundamental notions of state sovereignty.") (citing Harrington, 131 S. Ct. at 787).

The state court found that Petitioner's MAR "does not state any grounds for which the

7

Court may grant relief" and "is without merit." (Doc. No. 7-8 at 2).

Petitioner relies heavily on the Graham decision in support of his claim of constitutional violations and contends that "evolving standards of decency" entitle him to habeas relief. However, as the Court noted herein, the Supreme Court has steadfastly refused to find constitutional violations where recidivist defendants have received sentences that far exceed the sentence Petitioner received. As the Court previously found, Petitioner's sentence did not violate the Eighth or Fourteenth Amendment when it was reduced to a judgment and Petitioner's efforts to have the JRA applied retroactively to him must fail because to declare Petitioner eligible for such relief would surely announce a new rule of constitutional law.

In Teague v. Lane, 489 U.S. 288 (1989), the Supreme Court made clear that new rules of constitutional law do not apply retroactively to cases on collateral review unless one of two exceptions can be met. Id. at 310-11 (The "costs imposed upon the State[s] by retroactive application of new rules of constitutional law on habeas corpus . . . generally far outweigh the benefits of this application.") (quoting Solem v. Stumes, 465 U.S. 638, 653 (1984)). The first exception to this rule is if the new rule places "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe." Id. at 311(quoting Mackey v. United States, 401 U.S. 667, 692 (1971)). The second exception applies to "watershed rules of criminal procedure . . ." Id. at 311. Neither of those exceptions can provide the Petitioner with a claim for relief as the change to North Carolina's habitual felon law did not change the criminality of attaining the status of habitual felon rather it only modified sentencing and the change did not create a watershed rule. Accordingly, Petitioner's second claim for relief will be denied as barred by Teague.

In addition, as the Respondent observes, the state court was interpreting a question of state law, and such a decision is not cognizable on federal habeas review. See <u>Estelle v.McGuire</u>, 502 U.S. 62, 67-68 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'") (quoting <u>Lewis v. Jeffers</u>, 497 U.S. 764, 780 (1990)). "It is not the province of the federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." <u>Estelle</u>, <u>supra</u>.

As the Court has observed, Petitioner's sentence was not grossly disproportionate at the time it was meted out and the change in the state sentencing law does not meet either exception under <u>Teague</u>, therefore as there is no federal constitutional violation, then this Court is not permitted to second guess a decidedly state-law determination of state law. Petitioner's second claim for relief will be denied.

## IV. CONCLUSION

**IT IS, THEREFORE ORDERED** that:

1. Respondent's motion for summary judgment is **GRANTED**. (Doc. No. 6).

2. The petition for habeas corpus will be denied and dismissed. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when

relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Robert J. Conrad, Jr.
United States District Judge